McCLELLAN *et al. v.* PYEATT *et al.*

*(Circuit Court of Appeals, Eighth Circuit.* February 1, 1892.)

1. WRIT OF ERROR—RETURN-DAY—IRREGULARITIES.
   Where on error to the circuit court of appeals the citation is made returnable 60 days after its date, (as allowed by rule 14, par. 5, 47 Fed. Rep. vii.,) and the writ of error on a day named which is less than 60 days therefrom, it will be presumed that the fixing of the latter day was an oversight, and the writ will not be dismissed where the record is filed thereafter, but within 60 days, though rule 16, Id. viii., requires the record to be filed "by or before the return-day."

2. SAME—RECORD—CERTIFICATE—MISTAKE.
   Where the clerk of the lower court transmits the transcript to the circuit court of appeals under the proper caption, the fact that he certifies on the writ of error that he "therewith transmits to the supreme court of the United States" a duly-certified transcript, etc., is an immaterial mistake.

3. SAME—CITATION—AMENDING RETURN.
   Where there is nothing in the record to show that the person served with the citation was a person upon whom a lawful service could be made, the return may be amended to show that he was in fact attorney for defendant in error.

4. SAME—BOND—IRREGULARITY.
   The mere fact that a *supersedeas* bond which is sufficient in all other respects was taken and approved before the writ of error was sued out is an immaterial irregularity, as the court will presume that it was reapproved upon the issuance of the citation and the allowance of the writ.

5. SAME.
   When the security of the *supersedeas* bond is sufficient, as required by Rev. St. U. S. § 1000, it is immaterial that it is signed by only one of the plaintiffs in error.

In Error to the United States Court in the Indian Territory.

Motion to dismiss the writ of error and vacate the *supersedeas.*

*John H. Rogers,* for the motion.

*George E. Nelson* and *William M. Cravens,* opposed.

Before CALDWELL, Circuit Judge, and SHIRAS and THAYER, District Judges.

THAYER, District Judge. This case comes from the United States court in the Indian Territory. The record shows that final judgment was rendered against the plaintiffs in error on July 8, 1891. On the 29th

of July, 1891, a *supersedeas* bond was presented to the judge of the lower court, which was approved by him on that day, and was filed with the clerk of the court on July 31, 1891. On the 15th of August, 1891, a writ of error was allowed and a citation duly signed. The citation was served on one W. T. Hutchins, September 10, 1891. A return was made to the writ of error by lodging a transcript of the record in this court on October 12, 1891.

We are asked to dismiss the writ of error mainly on the following grounds: Because the record was not filed in this court, as required by rule 16, "by or before the return-day;" because no return has been made to this court of the writ of error; because the citation has never been served; and because the bond antedates the writ of error, and is otherwise irregular and defective. It is sufficient to say that, as the cause was docketed and the record filed in this court within 60 days after the citation was signed, we think the first ground of the motion is untenable. The record shows that the writ of error was made returnable on October 7, 1891, whereas the citation issued on the same day admonishes the defendant in error to be and appear in this court 60 days after it bears date; that is, after August 15, 1891. Paragraph 5 of rule 14 requires writs of error and citations to be made returnable "not exceeding sixty days from the day of signing the citation." In view of these facts, we must infer that the return-day stated in the writ was due to oversight; very likely to an error made in the computation of time. The record having been filed within 60 days after the writ was issued, we will not, under such circumstances, hold that there has been any such default as warrants a dismissal of the writ.

The second ground of the motion is likewise untenable. The clerk of the lower court certifies on the writ of error that he "herewith transmits to the supreme court of the United States a duly-certified transcript of the record," etc. But the caption of the return, and the fact that the record was lodged in this court, shows conclusively that this was what the court intended. We will ignore such obvious mistakes, which do not tend to prejudice either party.

The third ground of the motion, above stated, has more merit. There is nothing in the record before us to show that W. T. Hutchins, upon whom the citation was served, was a person upon whom such service could lawfully be made; and by appearing specially for the purpose of this motion only, the defendant in error has not waived service of the citation. We are assured, however, that service was had upon an attorney who represented the defendant in error on the trial in the lower court, and it is clearly within our power to permit the return on the citation to be amended so as to show that fact.

The objections taken to the bond are not adequate to warrant us in dismissing the writ of error or in vacating the *supersedeas*. If there are defects in the bond, we have undoubted authority to allow a bond to be given which shall cure such defects. *O'Reilly* v. *Edrington*, 96 U. S. 724, 726; *Davidson* v. *Lanier*, 4 Wall. 453, 454; *Brown* v. *McConnell*, 124 U. S. 489, 490, 8 Sup. Ct. Rep. 559; *Anson* v. *Railroad Co.*, 23

How. 1.   But, in view of the nature of the objections made to the bond, we are of the opinion that it is not necessary to require another bond to be given.   It is made payable to the proper parties, it contains the proper statutory conditions under section 1000 of the Revised Statutes of the United States, and no objection is made to it on the ground that the penalty or the sureties are insufficient to secure the debt, damages, and costs, if the plaintiffs in error fail to prosecute their writ to effect.   The sole objections to it seem to be that it was taken and approved by the lower court before a writ of error was sued out, and that it is not signed by both of the plaintiffs in error.   Section 1007 evidently contemplates that security shall be taken when the citation issues; and such is the usual and proper practice.   It was irregular, therefore, to take, approve, and file a *supersedeas* bond reciting the allowance of a writ of error before any such writ had in fact been allowed.   But it was competent for the court to reapprove the bond on the issuance of the citation, and such approval may be inferred or presumed, and we think it ought to be conclusively presumed from the subsequent issuance of the citation and allowance of the writ of error.   *Brown* v. *McConnell*, 124 U. S. 490, 8 Sup. Ct. Rep. 559; *Sage* v. *Railroad Co.*, 96 U. S. 714.

The objection taken to the bond because it was only signed by one of the plaintiffs in error has much less weight.   The statute (section 1000) only requires the court "to take good and sufficient security."   That such security has been taken (the bond being signed by two sureties) is not denied.   The bond accordingly satisfies the requirements of the statute, though only signed by one of the plaintiffs in error.

The motion to dismiss the writ of error and vacate the *supersedeas* will accordingly be denied, if within 30 days the return on the citation is amended so as to show due service, and leave to amend such return is hereby granted.