AIKEN et al. v. SMITH.

(Circuit Court of Appeals, Fifth Circuit. December 5, 1892.)

No. 54.

1. ADMIRALTY—APPEAL—PARTIES.
    An admiralty appeal should be dismissed as to certain of the appellants when there is nothing in the record to show that they are privy to the suit except a statement in their unsworn petition for appeal that they are owners of interests in the vessel; but such dismissal should not affect the appeal so far as proper parties thereto are concerned, the misjoinder not prejudicing the appellee.

2. SAME.
    The master of a libeled vessel who enters a claim stating that he is the lawful bailee of the owner named in the claim, and who gives a release bond with surety, may alone appeal from the decree of the trial court and thereby bring the whole case before the appellate court, though the owner and surety both appear of record, and may join in the appeal if they wish. Hardee v. Wilson, 13 Sup. Ct. Rep. 39, 146 U. S. 179, distinguished.

Appeal from the District Court of the United States for the Eastern District of Louisiana.

In Admiralty. Libel by Charles Smith against the steamboat Whisper. W. E. Barre, master, entered a claim stating that he was the lawful bailee of the owner, John F. Aiken, and executed a release bond with Bernard H. Menge as surety. A decree was rendered for libelant. Aiken, Barre, and Menge appeal, together with J. B. Woods and others, styling themselves "owners" of the steamboat. On motion to dismiss appeal. Granted as to the latter defendants.

John D. Grace, for appellants.
Richard De Gray, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

PARDEE, Circuit Judge. This suit was instituted in the court below by a libel brought by appellee against the steamboat Whisper, and against all persons intervening for their interest therein in a cause of subtraction of wages and damages, civil and maritime. Admiralty process having been issued and served, and the steamboat Whisper seized, the following claim was entered:

"And now comes W. E. Barre, master, who on oath states that he is master of the steamboat Whisper, and that John F. Aiken is the managing owner thereof, and deponent is lawful bailee of the owners, and prays for the release of the vessel on bond."

Release being ordered on the said claim, a release bond was given, signed by William E. Barre, master and bailee for owners of the steamboat Whisper, with Bernard H. Menge as surety. A sworn answer was filed in the cause by John F. Aiken, styling himself "claimant and managing owner of the steamboat Whisper." Upon the issues made by the libel and this answer, the cause was heard, and a decree rendered as follows:

"It is therefore ordered, adjudged, and decreed that the libelant, Charles Smith, do have and recover from the steamboat Whisper the sum of five hundred and six dollars and seventy-five cents, as follows: $6.75, amount tendered by claimant for wages due; and $500, damages,—with legal interest from judicial demand and costs of suit. And whereas said steamboat Whisper was released from seizure and restored to her owner on giving bond with William E. Barre, as master thereof and lawful bailee for the owner thereof, with John F. Aiken, as principal, and Bernard H. Menge, as surety, it is further adjudged and decreed that the said William E. Barre, master and lawful bailee of the owner of the steamboat Whisper, principal, and Bernard H. Menge, as surety, be condemned in solido to pay the foregoing judgment, with interest at the rate of five per cent. per annum from judicial demand, and costs of suit."

From this decree an appeal was taken to this court by John F. Aiken, J. B. Woods, Thomas K. Voorheis, E. J. Comeaux, and Walter Comeaux, styling themselves "owners of the steamboat Whisper," and by Bernard H. Menge, surety on the bond for the release of said steamboat Whisper, and by William Barre, master and lawful bailee of said steamboat.

Appellee moves to dismiss as follows:

"First. As to all appellants, because claimant has taken into the appeal herein other parties than those who are parties to this suit, viz. J. B. Woods, Thomas K. Voorheis, E. J. Comeaux, and Walter Comeaux, and has appealed jointly with them. Second. And, in case the above should be overruled, then he moves to dismiss the appeal herein as to said J. B. Woods, Thomas K. Voorheis, E. J. Comeaux, and Walter Comeaux, because neither of them are parties to this cause, and there is no judgment against them or either of them. Third. And, in case neither of the above are allowed, then appellee moves to dismiss said appeal as to John F. Aiken, because there is no judgment against him or in his favor."

A person not a party nor privy to a judgment or decree cannot appeal therefrom. Ex parte Cutting, 94 U. S. 14; Guion v. Insurance Co., 109 U. S. 173, 3 Sup. Ct. Rep. 108; Elwell v. Fosdick, 134 U. S. 513, 10 Sup. Ct. Rep. 598.

It is apparent that J. B. Woods, Thomas K. Voorheis, E. J. Comeaux, and Walter Comeaux were not parties to the suit in the court below; and there is nothing in the record to show that they are privy to the said suit, except that in the unsworn petition for appeal they are styled "owners of the steamboat Whisper." Having no right to join in the appeal, it follows that as to the parties named the appeal should be dismissed. Such dismissal, however, ought not to affect the appeal as to the remaining appellants, as the joinder complained of has not prejudiced the appellee.

The rule that, where there is a joint judgment against several parties, all must join in the appeal, or there must be a summons and severance or equivalent proceeding, (see Estis v. Trabue, 128 U. S. 230, 9 Sup. Ct. Rep. 58,) is said by the supreme court in Owings v. Kincannon, 7 Pet. 399, to be based on the propriety, if not necessity, of bringing the whole cause before the court. In the case of Hardee v. Wilson, 146 U. S. 179, 13 Sup. Ct. Rep. 39, (recently decided,) the same court says that there are two reasons for the rule: (1) That the successful party may be at liberty to proceed in the enforcement of his judgment or decree against the parties who do not desire to have it reviewed; (2) that the appellate tribunal shall not be required to decide a second or third time the same question on the same record. In the present appeal, William E. Barre is master of the steamboat Whisper, and lawful bailee thereof, representing all the owners, and his appeal brings the whole cause to this court, and no other parties appellant were necessary. John F. Aiken's interest appears of record, as does that of Bernard H. Menge. Both had a right to appeal, and their joinder with Barre does not prejudice appellee.

The motion to dismiss the appeal should be granted as to J. B. Woods, Thomas K. Voorheis, E. J. Comeaux, and Walter Comeaux, but overruled as to the other appellants, each party to pay his own costs on this motion; and it is so ordered.