## WARNER v. TEXAS & P. RY. CO.

(Circuit Court of Appeals, Fifth Circuit. January 30, 1893.)

No. 96.

1. WRITS OF ERROR—ALLOWANCE—INDORSEMENT OF THE PETITION AND WRIT BY JUDGE.
   An indorsement by the judge of the allowance of a writ of error upon the petition therefor is sufficient although the judge does not indorse his allowance upon the writ itself, but the better practice is to follow the usual course of making the indorsement upon both the petition and the writ.

2. SAME—DUTIES OF CLERK.
   It is no part of the duty of a clerk of a federal court to procure the allowance of writs of error, and the approval of bonds for appeals and writs of error, and if parties intrust this matter to his voluntary action they have no right to complain of delay therein.

3. SAME.
   Where a clerk prepares a writ of error, bond, and citation, and sends them to the judge, who signs them without inserting the date of his signature, the clerk has no authority on the return of the papers to erase the dates originally written therein, and insert the date of the actual signing; nor has he any authority to change the file marks on papers filed by him; but it would not be improper to add a memorandum, signed by him officially, of any facts which, as to him, might be or become material.

4. CIRCUIT COURT OF APPEALS—ALLOWANCE OF APPEALS—POLICY OF THE LAW.
   The policy of the law creating the circuit court of appeals shows marked liberality in allowing appeals in all cases, and, on the other hand, requires a speedy prosecution thereof. .

In Error to the Circuit Court of the United States for the Eastern District of Texas.

Action by Charles Warner against the Texas & Pacific Railway Company to recover damages for breach of contract. The court directed a verdict for defendant, and entered judgment thereon. Plaintiff brings error. Heard on motion to dismiss the writ of error. Denied.

H. Chilton, for plaintiff in error.

Wm. Wirt Howe and T. J. Freeman, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

McCORMICK, Circuit Judge. The judgment to review which this writ of error was sued out was rendered on 11th of May, 1892. On August 29, 1892, the petition for the writ of error was presented to the judge of the circuit court who had presided in said court when said judgment was rendered, and was allowed by him in these terms: "The above petition for writ of error is hereby allowed. August 29, 1892. David E. Bryant, District Judge Eastern District of Texas;" and said petition, with said allowance written on it, and so signed by the judge, was filed in the said circuit court on August 31, 1892, and on the same day a writ of error in the prescribed form, duly signed and tested by the clerk of said circuit court, and sealed, but wanting the signature of the judge to the customary printed memorandum "allowed by," as shown in the form of such writs in common use, was filed by the clerk in said circuit court. On November 9, 1892, counsel for plaintiff in error, on the street in the town of Tyler, Tex., where said circuit court rendering said judgment had held its session, and where its records are kept, and where a deputy clerk of said court resides, handed said deputy clerk the bond for writ of error shown in the record, and requested said deputy clerk to make inquiry as to the solvency of the sureties, and to forward the bond and the writ of error and the citation in error to the judge, to be respectively approved, allowed, and signed by him. Some delay was incurred in making the requested inquiry, and when the papers were sent to the judge he signed the memorandum of the allowance of the writ and the approval of the bond without showing the date of the allowance of the writ or of the approval of the bond, and returned them to the said clerk by mail, accompanied by a letter dated November 16, 1892, which the clerk received 17th of November, 1892, and thereupon said clerk erased the date originally written in said writ, and the date originally indorsed on it, showing that it was issued and filed August 31, 1892, and inserted November 16, 1892, as the date of issuing said writ, and November 17, 1892, as the date of filing.

The policy of the law in the creation of this court shows marked liberality in allowing appeals from trial courts in all cases, and, on the other hand, requires a speedy prosecution of all appeals or writs of error. It is no part of the clerk's duty as clerk to procure the allowance of writs of error, and the approval of bonds for appeals or writs of error. This is the office of parties, or of their attorneys and solicitors. It is also clearly not the duty of the clerk, or his privilege, to change the writ of error, after it is allowed, by erasing and inserting a date, or by adding a date, any more than it is to make any other alteration in such papers. Nor may he, without the order of the proper court or judge, erase his own file mark on a paper which parties have procured to be filed. He may, and doubtless should, in some cases, add a new file mark or memorandum, signed by him officially, to show such facts in connection with his custody of the files as appears to him might be or become material. In the present case he might, without overstepping his duty, have noted on the writ what actually had occurred within his knowledge as to the signature of the judge on the writ of

error. We do not say that it was his duty to do this. We only say that to have done it would not have been improper. The parties have a right to appeal or sue out writs of error from all final judgments and decrees, and from certain interlocutory decrees, if that right is invoked in time, and in the prescribed form. A part of that prescribed form is for one of the judges of the trial court to allow the appeal or writ of error, and the appeal or writ of error is not "taken or sued out" until that allowance is obtained, (Barrel v. Transportation Co., 3 Wall. 424; Brooks v. Norris, 11 How. 204; Scarborough v. Pargoud, 108 U. S. 567, 2 Sup. Ct. Rep. 877,) and parties and their attorneys sometimes incur serious hazard of losing their right of appeal by omitting to take the proper steps in due time, so that misconnections liable to occur may not prevent their obtaining the necessary allowance from a judge whose other duties take him to different and distant places in his district. The form of writ of error for taking a case from the circuit court to the supreme court which was prescribed many years ago under an act of congress, and which has been in use ever since, has on it a memorandum of allowance to be signed by the judge. Section 9, Act 1792; Mussina v. Cavazos, 6 Wall. 357. In actual practice the petition for writs of error is also indorsed "allowed" by the judge. The office of each is to show the fact that the writ is allowed, and it does not appear to us to be jurisdictional that the allowance should be indorsed on both, or on one rather than the other. It is well to proceed in order, and in a matter of general usage so long established parties could not complain if some strictness should be exercised in enforcing compliance with prescribed forms. In this case the plaintiff in error did not use reasonable diligence to get his bond approved in time and to obtain the customary indorsement on the writ of error. He relied on the clerk to do for him what the clerk was under no official obligation to do. He complains with no very good grace of the manner in which the clerk performed a purely voluntary service for his accommodation and at his request. As, however, our view of the law does not require us to sustain the motion to dismiss the writ of error for the irregularities suggested by it, and no apparent injury has been done the defendant in error, it is ordered that the motion be refused.