### SMITH v. GLASGOW INV. CO. et al.

### BREED v. GLASGOW INV. CO.

(Circuit Court of Appeals, Fourth Circuit. May 28, 1896.)

### No. 103.

EQUITY PLEADING—DEMURRER—INFERENCES.

    Where deeds and other written instruments are set out in a pleading, from which a certain inference as to their legal effect may plausibly be drawn, but it is alleged, as a fact, that a reason existed for their execution which would justify a different inference as to their legal effect, it cannot be held, on demurrer, that the former inference should, and the latter should not, be drawn, but proof must be adduced to show the actual facts which determine the proper effect of the instruments.

Appeal from the Circuit Court of the United States for the Western District of Virginia.

M. M. Martin, for appellant.

John Selden and James Bumgardner, Jr., for appellees.

William E. Craig, S. H. Letcher, and G. D. Letcher, on brief.

Before GOFF and SIMONTON, Circuit Judges, and HUGHES, District Judge.

SIMONTON, Circuit Judge. This case comes up on appeal from the circuit court of the United States for the Western district of Virginia. The Glasgow Investment Company having become insolvent, a bill was filed to foreclose a mortgage upon certain real estate owned by said company, situate in the county of Rockbridge,

Va., known as the "Natural Bridge Hotel," with some 1,060 acres of land attached thereto, having upon it many attractions for invalids and tourists. Under proceedings had in this cause, a receiver was appointed, and all creditors were called in. Thereupon the petitioner, A. F. Smith, leave of the court being first had and obtained, set up a simple contract claim against the defendant company, and seeks payment out of the mortgaged property pari passu with the bonds secured by the mortgage. To this petition a demurrer was interposed. At the hearing the demurrer was sustained, and the petition was dismissed. Exceptions were taken, and the cause comes here on the assignments of error. 71 Fed. 903.

The lands in question were at one time the property of the Natural Bridge Forest Company. On 2d of August, 1890, this company, by deed, conveyed the lands in fee to the Natural Bridge Park Association. The consideration of the sale was $160,000, payable as follows: $10,000 in cash, $20,000 on August 21, 1890, $15,000 on January 21, 1891, $10,000 on July 21, 1891, and $15,000 annually thereafter until the entire purchase money is paid,—deferred payments to bear interest at 5 per cent. from July 21, 1890, evidenced by bonds or notes; the deferred payments to be secured by deed of trust of even date with the deed. The conveyance was duly recorded, but the deed of trust, with S. H. Letcher as trustee, although prepared, was never placed on record. On the 1st of June, 1891, the Natural Bridge Park Association conveyed this tract of land in fee to the Glasgow Investment Company for the sum of $3,000, the object of the conveyance, as expressed in the deed, being the transfer of all the property conveyed to the grantor by the Natural Bridge Forest Association, in the deed just mentioned, the same to be received and held upon the terms, stipulations, and conditions in the said deed set forth; and this is added:

"By the acceptance of this deed of conveyance it is to be understood that the party of the second part [the Glasgow Company] assumes and guaranties payment to the Natural Bridge Forest Company of all unpaid purchase money due or to become due under the above-described deed of conveyance from the said Natural Bridge Forest Company to the Natural Bridge Park Association."

This deed was duly recorded on January 4, 1892. On the 1st of June, 1891, by deed between the Natural Bridge Forest Company, party of the first part, S. H. Letcher, trustee in the unrecorded deed of trust, of the second part, and the Natural Bridge Park Association, of the third part, the parties of the first and second parts release the real and personal property embraced in the deed of trust to the party of the third part, discharged of the lien of the same. This release was recorded on January 4, 1892, also.

The questions made in this case turn upon the intent, force, and operation of this release. If the cause were here on its merits, these questions would deserve an extended and careful investigation. But we are discussing them upon a demurrer. And the real issue is, has the petitioner made out such a case, upon his statement of facts, as will require further investigation, assuming,

for the time, said facts to be true? In his petition he has set out facts. The deeds accompany the petition at his request. If the deeds on their face-contradict the facts set out in the petition, the demurrer would not be construed as admitting these facts. If the necessary inferences from the deeds were in contradiction to these facts, the same result would follow.

The facts alleged in the petition and admitted by the demurrer are: (1) That on December 30, 1891, the Glasgow Investment Company executed and delivered to S. H. Letcher, as trustee, the deed of trust, recorded that day, securing the bonds, for which this bill for foreclosure is brought. (2) That on 4th of January thereafter there was placed on record the release above recited, acknowledging satisfaction of the unpaid purchase money due by the Natural Bridge Park Association to the Natural Bridge Forest Company. (3) That that release had been delivered in October, 1891, by the Natural Bridge Forest Company to the Glasgow Investment Company, to enable the latter company to demand and receive payment on certain policies of insurance upon an hotel on the grounds, which had been recently destroyed by fire. (4) That the deed of trust of the Glasgow Investment Company to Letcher, trustee, which had not been delivered at the time of the fire, was delayed in its execution, with the purpose of enabling the Glasgow Company to get this insurance money, which it could not have claimed under the policy, as the existence of such deed of trust had not been disclosed to the insurance company. (5) The inference drawn from these facts is that the Glasgow Investment Company held the land free from lien, and afterwards incumbered it with this deed of trust, thus giving the bonds secured thereby a preference, which violated the statute law of Virginia, the corporation then being insolvent.

The first deed, that from the Natural Bridge Forest Company to the Natural Bridge Park Association, on its face shows that a large part of the purchase money was not paid, distinctly shows how much remained unpaid and when it was payable, and contains a covenant that a deed of trust should be executed contemporaneously with the conveyance securing these deferred payments. These were incorporated in the body of the deed, and were essential parts thereof, and, when the deed itself was recorded, were notice to the world of an incumbrance on the inheritance. The conveyance by the Natural Bridge Park Association to the Glasgow Company declares its purpose to be that the property should be received and held by the Glasgow Company upon the terms, stipulations, and conditions set forth in the above deed, and, further, that by its acceptance the Glasgow Company assumes and guaranties payment to the grantor in the first deed of all unpaid purchase money, due or to become due to it under that deed. There can be no doubt that, when the property came into the hands of the Glasgow Company, it came bound by this incumbrance; that this covenant on its part could have been specifically enforced in the court of equity; that notice of this incumbrance in the recorded deed was notice to the world; and that, when the deed of

trust was executed, it was recognition of this incumbrance, was executed in consideration of this covenant, and that it related back to the transfer of the title to the Glasgow Company. The bonds issued under the deed of trust were not issued for a past incurred debt, but for a living actual obligation, incurred contemporaneously with the acquisition of the property. What, then, is the operation of the release above spoken of? It was contemporaneous in date and in record with the conveyance to the Glasgow Company,— was delivered, as the petitioner says, to the Glasgow Company. It may have been a recognition by the Natural Bridge Company of the transaction between the Natural Bridge Park Association and the Glasgow Company, of the transfer of the property to and the assumption of the debt by the Glasgow Company, the assent to that course, and the acceptance of the new debtor, and the release of the old debtor. This is an inference which, with great plausibility, may be drawn from these deeds themselves. But it is not the only inference; for it may be that both corporations recognized the binding obligation of this agreement on the part of the Glasgow Company. And yet, knowing the importance to that company, in its application for the loss by fire, to show unincumbered property, the Natural Bridge Forest Company may have been willing to release the lien thereby created, relying upon the subsequent execution of a deed of trust giving them an equivalent security. This the petition distinctly charges as a fact, and this fact the demurrer pro hac admits. It is impossible to reach a satisfactory conclusion on this question without some testimony. The statements of the petition made a prima facie case, which deserves investigation. The demurrer, admitting pro hac this case, should have been overruled, with leave to the party demurring to answer over as he be advised.

Objection was made to the intervention of the petitioner by way of petition, instead of proving his demand before the master. His intervention in this way makes him a party to the record. This is a matter wholly within the discretion of the judge below. Ex parte Cutting, 94 U. S. 14. He allowed the petition to be filed. No doubt he was influenced by the importance of the questions made. At all events, he has decided, and we concur with him.

It is ordered that the order sustaining the demurrer be set aside, and that the case be remanded to the circuit court of the Western district of Virginia for such proceedings therein as may be necessary and proper.