### GREEN v. CITY OF LYNN, MASS.

(Circuit Court of Appeals, First Circuit. April 1, 1898.)

No. 240.

APPEAL AND ERROR—TIME OF TAKING PROCEEDINGS.

Under Act March 3, 1891 (26 Stat. 829, c. 517, § 11), an appeal to the circuit court of appeals must be taken within six months after the entry of the decree sought to be reviewed. *Held*, that the filing of the petition for appeal, and assignments of error, in the office of the clerk of the circuit court within the statutory period, was not sufficient.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

This case was heard in the circuit court upon the pleadings and proofs; and thereupon a final decree was entered on February 23, 1897, for the complainant, decreeing letters patent, reissue No. 4,372, dated May 9, 1871, to Nelson W. Green, for improvement in methods of constructing artesian wells, to be a good and valid patent, and that the complainant recover from the defendant, as profits from its infringement of said patent, $11,425.87, with interest thereon from the date of the master's report to the date of the entry of the final decree, amounting to $508.45, and costs of suit, amounting to $2,407.52, and also decreeing letters patent No. 218,875, dated August 26, 1879, to Nelson W. Green, for improvement in water-supply system for cities, etc., to be void for want of novelty, and that the bill be dismissed as to that patent. The defendant, the city of Lynn, appealed from this decree of the circuit court; and its appeal was duly entered in this circuit court of appeals, and is here pending, being numbered and entitled: No. 220. City of Lynn v. Green, 31 C. C. A. 684, 93 Fed. 988. The complainant, Nelson W. Green, also appealed from the decree of the circuit court, and his appeal was duly entered in this circuit court of appeals, being numbered and entitled: No. 240. Nelson W. Green v. City of Lynn. This report relates only to the appeal of Nelson W. Green, No. 240. The record upon the appeal of Nelson W. Green was filed and the case docketed January 21, 1898, and was heard February 12, 1898, on motion to dismiss the appeal.

Bowdoin S. Parker, for appellant.

Robert F. Herrick and Guy Cunningham, for appellee.

Before WEBB, ALDRICH, and BROWN, District Judges.

PER CURIAM. We are of the opinion that this appeal was not taken within six months after the entry of the decree sought to be reviewed, as required by the act of March 3, 1891 (26 Stat. 829, c. 517, § 11), and that for this reason we have no jurisdiction thereof. The date of the entry of the decree in the circuit court was February

24, 1897. The six-months period expired August 24, 1897. The petition for an appeal, with the assignment of errors, was filed in the office of the clerk of the circuit court August 17, 1897. Nothing further was done within the six-months period. December 11, 1897, the following indorsement was made upon the petition: "Memorandum. This appeal is allowed, although I doubt whether it was seasonably perfected. W. L. Putnam, U. S. Circuit Judge." On the same day Judge Putnam signed a citation dated December 11, 1897, and approved an appeal bond dated November 2, 1897.

In Barrel v. Transportation Co., 3 Wall. 424, a petition for an appeal had been filed in due time in the office of the clerk of the circuit court. Nevertheless the court said:

"The filing of it in the clerk's office, even if it could be regarded as addressed to the circuit court, would be of no avail, unless accompanied by an allowance of an appeal by that court."

See, also, Pierce v. Cox, 9 Wall. 786.

Though the supreme court has often said that signing a citation or approving a bond is equivalent in law to the allowance of an appeal, it has never said, so far as we can discover, that an allowance in some form could be dispensed with, nor intimated that the limitation of time could be disregarded, and allowance made after its expiration be effectual. The act of March 3, 1891, by its provisions recognizes the necessity for an allowance; and the uniform practice of filing both the petition and the allowance before the expiration of the statutory period seems to be in accordance with the views of the supreme court as to the essential requirements which must be complied with before an appeal can be said to be "taken." In Farrar v. Churchill, 135 U. S. 609, 10 Sup. Ct. 771, it is said:

"And so, when a cross appeal is allowed by a justice of this court, the petition and order of allowance must be filed in the court below, in order to the due taking of the cross appeal, under the statute."

See, also, Credit Co. v. Arkansas Cent. Ry. Co., 128 U. S. 258, 261, 9 Sup. Ct. 107; Edmonson v. Bloomshire, 7 Wall. 306; Evans v. Bank, 134 U. S. 330, 10 Sup. Ct. 493; Brooks v. Norris, 11 How. 204; The Dos Hermanos, 10 Wheat. 306; Seymour v. Freer, 5 Wall. 822; Yeaton v. Lenox, 7 Pet. 220; The Enterprise, 2 Curt. 317, Fed. Cas. No. 4,497; Warner v. Railway Co., 4 C. C. A. 670, 54 Fed. 920, 922.

The appeal is dismissed, and the costs of this court are adjudged to the appellee.