## GREEN v. FITCHBURG R. CO.

### (Circuit Court, D. Massachusetts. May 20, 1902.)

### No. 21.

**1. TRIAL—COURTS—JURISDICTION AFTER TERM.**
    Where a motion for a continuance was filed, but not prosecuted, and a judgment of "neither party" was entered, the court lost jurisdiction of the cause at the conclusion of the term, and had no power thereafter to grant an application to open the default.

Daniel L. Smith, for plaintiff.
Robert J. Fisher, for defendant.

PUTNAM, Circuit Judge. In Nelson W. Green v. Fitchburg Railroad Company, No. 21 on the law docket, a motion is filed by the plaintiff, requesting that some entry be made by the court to give vitality to the case. So far as its general history is concerned, the plaintiff has correctly stated the matter. In cases where defaults were entered, I appointed an assessor; but I orally instructed the counsel of both parties, if I did not instruct the assessor, that no

¶ 1. See Judgment, vol. 30, Cent. Dig. § 264.

steps were to be taken until the court of appeals had disposed of Green v. City of Lynn, 31 C. C. A. 248, 87 Fed. 839. With that my connection with the cases ended until to-day.

The state of the docket, which for me is the record in the case now before me, shows that on February 7, 1894, entry of "neither party" was made. On February 16th what is styled a motion to continue was filed. Since February 16, 1894, the case has not been called to the attention of the court until to-day, a period of over eight years. Now the supreme court has decided that there may be laches, not only in the beginning of a suit,—laches which affects a suit because of the delay in beginning it,—but there may be laches in the prosecution of a suit; and among the advance opinions of the supreme court, though I cannot put my hand on the particular case to-day, that rule has been reaffirmed. Therefore, on the ground of laches alone, I would be compelled to deny this motion.

But there is a more serious difficulty. As the record stands, we lost control of this suit at the October term, 1893, and since then we have had no power to reopen it. The motion to continue was not followed up. Therefore, the judgment entered at the October term, 1893, "neither party," stands; and the rule is settled beyond all doubt that, after a judgment is properly entered at a particular term, and the term is closed, the court has no power over a case. Even the general order entered by us on April 25, 1894, cannot save this case. If it had relation to it, nothing was done pursuant to it; if it had no relation to it, of course it is wholly unimportant. If plaintiff wishes to file a bill of exceptions, he may do so.

The motion is denied. Plaintiff excepts. Exceptions allowed. Draft bill of exceptions to be filed within one week, corrections within three days thereafter, and exceptions and corrections to be presented to the court within two weeks.