BLAFFER v. NEW ORLEANS WATER SUPPLY CO. et al.

(Circuit Court of Appeals, Fifth Circuit.   March 31, 1908.)

No. 1,746.

1. COURTS—FEDERAL PRACTICE—CIRCUIT COURT OF APPEALS—TIME FOR TAKING APPEAL.

Under the express terms of Act Cong. March 3, 1891, c. 517, § 11, 26 Stat. 829 (U. S. Comp. St. 1901, p. 552), establishing the United States Circuit Court of Appeals, that court has no jurisdiction to review a judgment where more than eight months intervened between the day of judgment and the day on which the appeal was taken.

2. APPEAL AND ERROR—ORDER NOT APPEALABLE—REFUSAL TO PERMIT INTERVENTION.

An order refusing to allow one to intervene is not an appealable order, being an exercise of discretion, and not final in character. He is left free to assert his rights in any other tribunal of competent jurisdiction, the order not being in any sense a determination of the merits of his claim.

3. SAME—DEFECTIVE APPEAL BOND—EFFECT.

An appeal will not be dismissed because the bond is not payable to all the adverse parties, where, on the hearing of a motion to dismiss, appellant tenders a new bond conditioned to meet the objections.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 2077–2083.]

Appeal from the Circuit Court of the United States for the Eastern District of Louisiana.

Benjamin Rice Forman and Chas. F. Buck, for appellant.

Edgar H. Farrar, for appellee New Orleans Water Supply Co.

Before McCORMICK, Circuit Judge, and NEWMAN and BURNS, District Judges.

BURNS, District Judge.  The New Orleans Water Supply Company moves to dismiss the appeal in this case upon the following grounds: First, the appeal was not perfected within six months after the rendition of judgment; second, there was no order permitting appellant to intervene; third, failure to make the appeal bond payable to all adverse parties.

The act of Congress approved March 3, 1891, being an act to establish Circuit Courts of Appeals, and to define and regulate the jurisdiction (section 11), provides:

"No appeal or writ of error by which any order, judgment or decree may be reviewed in the Circuit Court of Appeals under the provisions of this act shall be taken or sued out, except within six months after the entry of the order, judgment or decree sought to be reviewed."   Chapter 517, 26 Stat. 826 (U. S. Comp. St. 1901, p. 552).

The final decree was entered and signed in this cause on the 10th of January, 1907.  Thereafter, on March 29th, appellant filed his peti-

tion for appeal, coupled with an assignment of errors. This petition was denied May 20, 1907. On September 21st a new petition was presented to one of the circuit judges and allowed on the day last named. The bond was approved, and citations in error signed on the same day, and thereupon the bond and petition were filed with the clerk of the court on September 23, 1907. Thus it appears that the appeal was not allowed within the statutory period of six months, as required by the act above referred to; more than eight months intervened between the final decree and the allowance of appeal. It was incumbent upon appellant to obtain an allowance of the appeal within the time fixed by the statute. Green v. City of Lynn, 87 Fed. 839, 31 C. C. A. 248. In this case the Circuit Court of Appeals, First Circuit, said:

"We are of the opinion that this appeal was not taken within six months after the entry of the decree sought to be reviewed, as required by the act of March 3, 1891, and that for this reason we have no jurisdiction thereof. The date of the entry of the decree in the Circuit Court was February 24, 1897; the six-months period expired August 24, 1897; the petition below with assignment of errors was filed in the office of the clerk of the Circuit Court August 17, 1897. Nothing further was done within the six-months period. December 11, 1897, the following indorsement was made upon the petition: 'This appeal is allowed, although I doubt whether it was seasonably perfected (Putnam, Circuit Judge).' On the same date the judge signed a citation dated December 11, 1897, and approved an appeal bond dated November 2, 1897. In Barrel v. Transportation Company, 3 Wall. 424, 18 L. Ed. 168, a petition for appeal had been filed in due time in the office of the clerk of the Circuit Court. Nevertheless, the court said the filing of it in the clerk's office, even if it could be regarded as addressed to the Circuit Court, would be of no avail, unless accompanied by allowance of appeal by that court, and, to the same effect, see Pierce v. Cox, 9 Wall. 786, 19 L. Ed. 786."

The opinion concludes with this statement:

"Although the Supreme Court has often said that signing a citation or approving a bond is equivalent in law to the allowance of appeal, it has never said, so far as we can discover, that an allowance in some form can be dispensed with, or intimated that the limitation of time could be disregarded, and allowance made after its expiration be effectual. The act of March 3, 1891, by its provisions recognizes the necessity for an allowance; and the uniform practice of filing both the petition and the allowance before the expiration of the statutory period seems to be in accordance with the views of the Supreme Court as to the essential requirements, which must be complied with before an appeal can be said to be taken."

This holding is supported by the following cases: Credit Co. v. Arkansas Cent. Ry., 128 U. S. 258, 9 Sup. Ct. 107, 32 L. Ed. 448; Edmonson v. Bloomshire, 7 Wall. 306, 19 L. Ed. 91; Evans v. Bank, 134 U. S. 330, 10 Sup. Ct. 493, 33 L. Ed. 917; Brooks v. Norris, 11 How. 204, 13 L. Ed. 665; The Dos Hermanos, 10 Wheat. 306, 6 L. Ed. 328; Seymour v. Freer, 5 Wall. 822, 18 L. Ed. 564; Yeaton v. Lenox, 7 Pet. 220, 8 L. Ed. 664; The Enterprise, 2 Curt. 317, Fed. Cas. No. 4,497; Warner v. Railway Co., 54 Fed. 920, 4 C. C. A. 670.

We think it may be announced as the settled doctrine that the Circuit Court of Appeals has no jurisdiction, where more than six months intervene between the day of judgment and the day on which the appeal is "taken" or the writ of error is "sued out." Fire Ins. Co. v.

Oldendorf, 73 Fed. 88, 19 C. C. A. 379; Condon v. Trust Co., 73 Fed. 907, 20 C. C. A. 110; White v. Iowa National Bank, 71 Fed. 97, 17 C. C. A. 621; Threadgill v. Platt (C. C.) 71 Fed. 1; Stevens v. Clark, 62 Fed. 321, 10 C. C. A. 379; Desvergers v. Parsons, 60 Fed. 143, 8 C. C. A. 526; Union Pacific v. Colorado Ry., 54 Fed. 22, 4 C. C. A. 161; U. S. v. Baxter, 51 Fed. 624, 2 C. C. A. 410; Couilliette v. Thomason, 50 Fed. 787, 1 C. C. A. 675.

In the case of Threadgill, supra, it is said:

"A writ of error from the Circuit Court of Appeals to review a judgment issues from such court, and, in granting the writ, the judge to whom it is presented must exercise the power of the Circuit Court of Appeals, and is bound by its limitations."

In the Stevens Case, supra, the court makes this declaration:

"To give the appellate court jurisdiction of a writ of error, the writ must be issued and filed with the court below within the time prescribed by the law, and this requirement cannot be waived by the parties."

In Waxahachie v. Coler, 92 Fed. 284, 34 C. C. A. 349, this court said:

"A writ of error is not 'sued out' within the meaning of this section by the filing of the petition and bond therefor, and the allowance of the writ by the court below. The writ must be obtained and issued within the time named to give the court jurisdiction. Whether the failure to obtain and issue the writ named resulted from the negligence of the plaintiff in error, or was the fault of the clerk, appears to be immaterial."

In the Threadgill Case, supra, it is said:

"When a writ of error from the Circuit Court of Appeals is allowed within the six months, but is not actually issued by the clerk until after the expiration thereof, it will be dismissed, for, in a legal sense, the writ of error is not brought until it is filed in the court below."

Where the last day of the six months falls on Sunday, the appeal cannot be "taken," or writ of error "sued out" on a subsequent day. Johnson v. Meyers, 54 Fed. 417, 4 C. C. A. 399. "The time for suing out a writ, or praying an appeal, cannot be enlarged by stipulation of the parties, nor by an order of the court." Stevens v. Clark, supra.

The second ground of the motion to dismiss the appeal is based upon the fact that the intervener failed to obtain an order permitting him to intervene, and thereby making himself a party to the suit, from which it follows that he is not in an attitude to appeal from the decree entered in the cause, or from the refusal of the court to permit him to intervene. The action of the court in declining to make an order allowing appellant to intervene was an exercise of purely discretionary power, and was not final in its character. Appellant, failing to obtain the right to intervene, was left free to assert such other rights as he might possess in any other tribunal of competent jurisdiction. The order of the court was equivalent to a denial of the application of the appellant for leave to intervene, and should not be regarded in any sense as a determination of the merits of his claim. Credits Commutation Company v. United States, 177 U. S. 311, 20 Sup. Ct. 636, 44 L. Ed. 782.

In the case of Guion v. Insurance Company, 109 U. S. 173, 3 Sup. Ct. 108, 27 L. Ed. 895, Guion claiming to have an interest in the bonds of the appellant, which were the subject of controversy in a suit of the Indiana Southern Railroad Company v. Liverpool, London & Globe Insurance Company, filed his petition in that suit in the court below praying to be admitted as a party to the suit for his own protection. This petition was denied. Guion was allowed an appeal on giving bond and security for costs. The Chief Justice in delivering the opinion said:

"The petition of Guion was for leave to appeal from the decree of a suit to which he was not a party. We decided, in Ex parte Cutting, 94 U. S. 14, 24 L. Ed. 49, that such an appeal could not be taken. He had applied for leave to become a party, but this leave was not given, so he was not a party to the decree from which he appeals, and the appeal is dismissed for want of jurisdiction."

In Ex parte Cutting, supra, it is said:

"It was claimed by Cutting and others that they were admitted as parties to the main suit when they filed their petition therefor, and that subsequently they were in a position to demand an appeal as parties; but, as a matter of fact, the parties presenting the petition never did become parties. They filed their petition to become defendants in the suit, but it was never granted. Not only was no express order made to that effect, but there is nothing to show that they were ever in any manner recognized as parties. We are aware that there are cases in which parties have been treated as parties to the suit after having filed the petition for leave to come in when no formal order admitting them appears on the record, but in all such cases it will be found that they have acted or have been recognized as parties in the subsequent proceedings in the case."

In Myers v. Fenn, 5 Wall. 205, 18 L. Ed. 604, the petitions were filed without any order of the court before any objection was made, and the hearing went on as if an order had been granted; and in Railroad Company v. Bradley, 7 Wall. 575, 19 L. Ed. 274, it was held that, where the appeal had been prayed for and subsequently an appeal bond, approved by one of the judges, had been filed in the court, it would be inferred that the appeal had been allowed, although there was no express order to that effect on the record. The court concluded with the statement:

"From this it appears that if one wishes to intervene and become a party to a suit in which he is interested, he must not only petition the court to that effect, but his petition must be granted."

In this case it affirmatively appears from the statement of the trial judge that he declined to make any order upon intervener's petition. That an appeal does not lie from the order of the court below, denying the motion in a pending suit to permit a person to intervene and become a party thereto, is supported by the following authorities: Ex parte Cockcroft, 104 U. S. 579, 26 L. Ed. 856; Guion v. Insurance Co., 109 U. S. 173, 3 Sup. Ct. 108, 27 L. Ed. 895; Elwell v. Fosdick, 134 U. S. 513, 10 Sup. Ct. 598, 33 L. Ed. 998; Credits Commutation Company v. U. S., 177 U. S. 317, 20 Sup. Ct. 636, 44 L. Ed. 782; Fitzgerald v. Evans, 49 Fed. 428, 1 C. C. A. 307; Aiken v. Smith, 54 Fed. 895, 4 C. C. A. 652; Lewis v. B. & L. Railway Co., 62 Fed. 222, 10 C. C. A. 446; Cook v. Lasher, 73 Fed. 704, 19 C.

C. A. 654; Smith v. Glasgow Investment Co., 74 Fed. 335, 20 C. C. A. 432; Hamlin v. Toledo, St. L. & K. C. R. Co., 78 Fed. 665, 24 C. C. A. 271, 36 L. R. A. 826; Credits Commutation Co. v. U. S., 91 Fed. 573, 34 C. C. A. 12; Toledo, etc., Ry. Co. v. Continental Trust Co., 95 Fed. 536, 36 C. C. A. 155; Minot v. Mastin, 95 Fed. 739, 37 C. C. A. 234.

The third ground assigned in support of the motion to dismiss for failure to make the bond payable to all of the adverse parties cannot be sustained. A failure to execute a bond is an irregularity, but it does not necessarily avoid the citation. The security is required, however, in the due prosecution of the appeal, and, if the case is docketed in time, it will not ordinarily be dismissed until appellant has been afforded a reasonable opportunity of curing the defect. Brown v. McConnell, 124 U. S. 489, 8 Sup. Ct. 559, 31 L. Ed. 495; Richardson v. Green, 130 U. S. 114, 9 Sup. Ct. 443, 32 L. Ed. 872; McClellan v. Pyeatt, 49 Fed. 260, 1 C. C. A. 241; United States Trust Co. v. Western Contract Co., 81 Fed. 471, 26 C. C. A. 472; Central Trust Co. v. Continental Trust Co., 86 Fed. 524, 30 C. C. A. 235; McNulta v. West Chicago Park Com'rs, 99 Fed. 329, 39 C. C. A. 545. An appeal may be perfected notwithstanding the security has not been given within six months after the entry of the decree sought to be reviewed. Evans v. Bank, 134 U. S. 330, 10 Sup. Ct. 493, 33 L. Ed. 917; Brandies v. Cochrane, 105 U. S. 262, 26 L. Ed. 989; The Dos Hermanos, 10 Wheat. 306, 6 L. Ed. 328; Wickelman v. A. B. Dick Company, 85 Fed. 851, 29 C. C. A. 436.

In response to this ground of the motion the appellant tendered, upon the hearing, a new bond conditioned to meet the objections raised. It follows that the motion to dismiss should be sustained, upon the first and second grounds, and it is so ordered; the costs of appeal to be taxed against the appellant.