MASSACHUSETTS LOAN & TRUST CO. v. KANSAS CITY & A. R. CO.
(PAINE et al., Interveners).

(Circuit Court of Appeals, Eighth Circuit. May 13, 1901.)

No. 1,584.

APPEAL—APPEALABLE ORDERS—DENYING LEAVE TO INTERVENE.

Where an order granting conditional leave to intervene is set aside before the condition has been complied with, the case stands the same as though the application had been denied in the first instance; and when the showing made by the petition is such that the granting or refusing of leave to intervene was discretionary, the petitioner not being entitled to such leave as a matter of right, the order refusing leave is not appealable.

Appeal from the Circuit Court of the United States for the Western Division of the Western District of Missouri.

On motion to dismiss appeal.

C. H. Nearing, for appellants.

Solon T. Gilmore, for appellee.

Before SANBORN and THAYER, Circuit Judges, and ADAMS, District Judge.

THAYER, Circuit Judge.   This is a motion to dismiss an appeal which was taken by Arthur C. Paine and Henry E. Bullard from an order made by the circuit court of the United States for the Western division of the Western district of Missouri, denying the appellants leave to intervene in a case entitled as above, the Massachusetts Loan & Trust Company, complainant, against the Kansas City & Atlantic Railroad Company, defendant, which was an action to foreclose a mortgage on the property of the railroad company.   The record shows that on October 29, 1900, Paine and Bullard, hereafter termed the appellants, applied to the circuit court for leave to intervene in the cause, and that on said day the circuit court made an order that "on filing with the clerk of this court, to be approved by the clerk, an undertaking to secure the costs of the litigation consequent upon this intervention, they have leave to intervene."   This order, as will be seen, was in its terms conditional, in that it required the petitioners to file a bond before their intervening complaint would be entertained.   Before the petitioners had complied with the terms of the order by filing a cost bond, the Massachusetts Loan & Trust Company and the Kansas City & Atlantic Railroad Company each filed a motion to vacate the conditional order last aforesaid, inasmuch as that order had been obtained ex parte without notice to either of the parties to the cause.   On the hearing of the latter motion to vacate the conditional order of October 29, 1900, it was sustained, the conditional order was vacated, and the appellants were denied leave to intervene.

It is contended by counsel for the appellants that they became parties to the suit because they offered to file their cost bond and to comply with the conditional leave, which they obtained, and that they were prevented from so doing by the subsequent direction of the court alone.   The truth is that before they had filed their bond or their petition in intervention under the conditional leave which they had obtained, the court stayed further proceedings on their part until it could more carefully consider whether or not it would permit them to comply with its order, and become parties to the suit, and in this way it effectually prevented them from ever becoming such. It is apparent, therefore, that the appellants never acquired a standing in the case as parties to the litigation, because of their failure to file a stipulation for costs before further proceedings were stayed, and this fact distinguishes the case in hand from the case of Hamlin v. Trust Co., 47 U. S. App. 422, 24 C. C. A. 271, 78 Fed. 664, 36 L. R. A. 826, on which the appellants principally rely to sustain their right to have the order of the lower court reviewed on appeal.   In Hamlin v. Trust Co. the petitioners were by an order of court permitted to intervene, and to file both an answer and a cross bill, which pleadings they subsequently filed, in accordance with such leave. Thereafter a motion was made by the other parties to the cause to strike the answer and the cross bill from the files, and upon the hearing of that motion it was sustained.   On the hearing of that motion the trial court considered the merits of the claim, which was interposed by the interveners both in their answer and in their cross bill, and an order was made denying leave to intervene, and denying

leave to file an answer or other pleading, for the reason that the claim sought to be interposed was not well founded. It is obvious, therefore, that such an order, based as it was upon an adjudication concerning the merits of the interveners' claim, was a final decree, from which an appeal would properly lie. The case at bar is essentially different from the one cited and relied upon by the appellants, in that the appellants in the case in hand never did become parties to the proceeding, and in that the merits of their claim have not been considered or adjudicated. The case at bar must be viewed precisely as it would have been if the circuit court had denied the petitioners' motion for leave to intervene on October 29, 1900, when it was first preferred. Such being the fact, it is obvious, we think, that the order from which this appeal was taken is in no sense a final order from which an appeal will lie. The action of the lower court in denying leave to intervene cannot be regarded as an adjudication upon the merits of the appellants' claim, because the lower court did not permit them to become parties to the proceeding, and they cannot be held bound by an order made in a cause to which they were not parties. They are still at liberty to assert their rights, whatever they may be, by an independent bill. Moreover the action of the lower court in denying leave to intervene was purely discretionary, for the reason that the right which the appellants assert is not one for the protection of which they were bound to intervene. On the contrary, it is a right which can and ought to be asserted in an independent proceeding. The trial court wisely exercised its discretion in refusing to permit a new issue, affecting third parties, to be injected into the pending suit in the form of an intervention. It is well settled that when the action of the trial court in refusing leave to intervene in a pending cause is purely discretionary, the petitioner not being entitled to such leave as a matter of right, an order made refusing such leave is not an order from which an appeal will lie. Credits Commutation Co. v. U. S., 62 U. S. App. 733, 34 C. C. A. 12, 91 Fed. 570; Credits Commutation Co. v. U. S., 177 U. S. 315, 20 Sup. Ct. 636, 44 L. Ed. 782; Hamlin v. Trust Co., 47 U. S. App. 422, 24 C. C. A. 271, 78 Fed. 664, 36 L. R. A. 826; Ex parte Cutting, 94 U. S. 14, 24 L. Ed. 49; Minot v. Mastin, 37 C. C. A. 234, 95 Fed. 739.

For these reasons the motion to dismiss the appeal must be sustained, and it is so ordered.