# CASES

## ARGUED AND DETERMINED

### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

BLANKS *et al. v.* KLEIN *et al.*

*(Circuit Court of Appeals, Fifth Circuit.* November 27, 1891.)

1. APPEAL—DIMINUTION OF RECORD—CERTIORARI.
   On appeal to the circuit court of appeals the clerk of the court below, being the custodian of the record, is to determine, in the absence of agreement of counsel, what evidence shall be included in the transcript following the note of evidence made under the rule of court; and if any omissions are found relief can be had by *certiorari* for diminution of the record, as provided by court rule 18.

2. SAME.
   A transcript which contains all the parts of a deposition called for by either party is sufficient.

Appeal from Circuit Court, Southern District of Mississippi.

Suit by A. L. Blanks and others against E. B. Klein and others. Plaintiff appeals. Heard on motion for alternative *mandamus* to clerk to certify copy of record. Motion denied.

*Wade R. Young,* for petitioners.

*Mayre Dabney,* opposed.

Before PARDEE, Circuit Judge, and LOCKE and BRUCE, District Judges.

LOCKE, District Judge. This motion coming on upon notice, and the parties appearing and presenting the facts of the case, we are able to decide the matter without issuing the writ or waiting for a return. The real question appears to be as to what should be contained in the record, and not as to whether the clerk should be ordered to certify the transcript. · The clerk is the custodian of the record, and, in the absence of an agreement by counsel, it is for him to determine what evidence shall be included in the transcript following the note of evidence made under the rule of court. Upon the record being filed, if any omission or addition is found,

v.49F.no.1—1

relief can be had by either party under rule 18.[1]   Upon this motion there is presented with the answer of the clerk what he as clerk certifies under seal to be a correct transcript of the record, together with such portion of the deposition of George M. Klein as is called for by the counsel in the case for the respective parties.   If this deposition was presented, and any portion of it read in evidence, either the whole should be put in and sent up, or, if there is any good reason why that should not be done, certainly each party should be permitted to have included in the transcript such portion as he may consider suits his case.   A deposition presented and admitted—as it appears from the note of evidence that that of George M. Klein in this case was—cannot be used by one party exclusively for his own purposes, and the other party prohibited from using the same.   Each party has a right to take exceptions to the evidence offered against him in the court below, and reserve such question for the appellate court.  It is not within the discretion of the clerk either to diminish the record by leaving out any evidence presented below on account of its being considered irrelevant, or to increase it with matter not presented.   The copy of the transcript presented and certified by the clerk to be a true copy of the record as appears on file in the court below, except that only such portions of the deposition of George M. Klein mentioned in item 13, page 21, of the transcript is inserted as is called for by the counsel in the case for the respective parties, appears to be a complete transcript of the record, except as to the deposition of George M. Klein, and of that to contain all that the parties on each side desire; and we think it should be accepted by appellants as a sufficient transcript.  It is therefore ordered that the motion be denied, with costs; and, it appearing that the time for filing said transcript has expired pending proceedings under this motion, it is further ordered that appellants have 20 days in which to file said transcript.

---

[1] Rule 18 is as follows: "No *certiorari* for diminution of the record will be hereafter awarded in any case unless a motion therefor shall be made in writing, and the facts on which the same is founded shall, if not admitted by the other party, be verified by affidavit.  And all motions for such *certiorari* must be made at the first term of the entry of the case; otherwise the same will not be granted, unless upon special cause, shown to the court, accounting satisfactorily for the delay."