STARCKE et al. v. KLEIN et al.

(Circuit Court of Appeals, Fifth Circuit. November 28, 1893.)

MANDAMUS—COMPELLING TRANSMISSION OF TRANSCRIPT OF RECORD ON APPEAL.
On an appeal to the circuit court of appeals that court will not grant appellants' petition for a mandamus to the clerk of the lower court to certify and transmit a transcript of the record, merely to determine in advance whether a certain deposition is part of the record, where the ordinary procedure is adequate for the purpose.

Appeal from the Circuit Court of the United States for the Southern District of Mississippi.

On application for mandamus.

Wade R. Young, for appellant.

M. Dabney, for appellees.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

McCORMICK, Circuit Judge. We do not deem it necessary to add to what we have said in cases hereinbefore decided in reference to the duty of the clerk of the circuit court in making the return to a writ of error or order granting an appeal. For the purposes of this case, our views on the subject are sufficiently expressed in the cases of Blanks v. Klein, 1 C. C. A. 254, 49 Fed. 1; Pennsylvania Co.,

etc., v. Jacksonville, T. & K. W. Ry. Co., 5 C. C. A. 53, 55 Fed. 131; and Warner v. Railway Co., 4 C. C. A. 670, 54 Fed. 920.

The order granting the appeal was filed in the circuit court July 27, 1893. The time for filing the transcript was enlarged to the third Monday in November,—the first day of this term. The transcript has not been filed. On the first day of this term, counsel for appellant moved this court for leave to present a petition for an alternative mandamus, to be directed to the clerk of the circuit court, commanding him to appear and show cause why a peremptory mandamus should not be awarded, "commanding him to certify and transmit to this court a true and complete transcript of the record and proceedings had in said court in said cause, as the same remain of record and on file in his office, following the note of evidence made under the rule of court, and neither diminishing the record by leaving out any evidence presented below, nor increasing it with matter not presented." It appears from the face of this petition that the clerk contends that a certain deposition is a part of the record, and must be included in it, to enable him to make the full certificate required by our rule 14, 1 C. C. A. xv., 47 Fed. vii.; while the appellant contends that no file mark appears on said deposition, to show that it was ever made part of the record, and that the note of evidence does not show that said deposition was given in evidence on the hearing, and that hence the clerk can and must certify to the record as thus shown by the file mark and the note of evidence. It is not intimated that the deposition was not in fact presented and considered on the hearing. It is not intimated that the clerk refuses to furnish a transcript otherwise correct, or that any demand for a transcript, accompanied by written instructions from the appellant as to what it should embrace, was made by appellant. No showing is made of any oppressive accumulation of costs that might be put on appellant by including said deposition in the record, or that the payment of such additional costs in advance was insisted on by said clerk. The petition assumes the right to call on this court, by these extraordinary proceedings, to settle in advance whether a certain paper is or is not a part of the record. Our ordinary procedure is adequate. The prayer for mandamus must be refused.