### J. M. HARBISON v. W. H. ALLEN ET AL.

(Filed 27 May, 1910.)

**Removal of Causes—Jurisdictional Amount—Damages—Injunction—Further Procedure.**

Upon defendant's sufficient petition and bond, filed in apt time, to remove a cause from the State to the Federal court on the ground of diversity of citizenship, the court having found as a fact that the cause was wholly between citizens of different States and therein wholly determinable, the amount is sufficient when damages are claimed in the sum of $2,000, and an injunc-

tion prayed which undoubtedly extends the amount beyond that sum, and alleged by defendant in his petition to be in excess of that specifically demanded; and the case being ordered removed, as prayed, all further proceedings must be had in the Federal court—exceptions to orders made in the lower court, and the like.

APPEAL by defendant from *Justice, J.,* at the December Term, 1909, of BURKE. .

The facts are sufficiently stated in the opinion of the Court.

*J. F. Spainhour* for plaintiff.
*Avery & Ervin* for defendant.

CLARK, C. J. It was error to refuse the motion of the defendants to remove the cause to the United States Circuit Court. The petition and bond were filed in apt time. The court finds as a fact that the controversy is wholly between citizens of different States and wholly determinable between them. The court further finds that plaintiff, in his complaint, asks damages in the amount of $2,000 and a permanent injunction against defendants, and that defendants claim in their· petition for removal that the granting of this injunction will deprive them of property to the amount. of $3,000 over and above the $2,000 claimed by plaintiff for damages accrued. Upon these findings defendants were entitled to a removal of the cause.

In *Corp. Com. v. R. R.,* 135 N. C., 81, the Court cites with approval *R. R. v. McConnell* (C. C.), 82 Fed., 85, which lays down the rule in equity cases as to removals: "It is the value of the whole object of the suit to complainant which determines the amount in controversy." In *Ayers v. Watson,* 113 U. S., 594 (a case decided when the jurisdictional amount was $500 instead of $2,000, as now), *Justice Bradley,* for the Court, says: "The plaintiff's petition demanded the recovery of the land and $500 damages. This was certainly a demand for more than $500, unless it can be supposed that the land itself was worth nothing at all, which will hardly be presumed. *Sheriff v. Turner,* 119 Fed., 231; *R. R. v. Conningham,* 103 Fed., 708; *Smith v. Bivins,* 56 Fed., 352."

In the case at bar the plaintiff seeks $2,000 damages and a permanent injunction. Plaintiff states in his complaint that, unless defendant is restrained, plaintiff's two tracts of land "will be rendered wholly worthless." He claims $2,000 for damages already done. That is as far as he could go without making his cause removable. But he goes further, and asks the benefit of a permanent injunction to prevent his lands from

152—46

becoming "wholly worthless." If that relief is worth one penny, he has exceeded the jurisdictional amount, upon his own showing.

"Where a bill in equity is filed to abate a nuisance or to set aside a deed, or for a decree giving other mandatory or preventive relief, it is the value of the property of which the defendant may be deprived by the decree sought which is the test of jurisdiction, and not the claim of plaintiff alone." *Baltimore v. Postal Co.,* 62 Fed., 502; 18 Enc. Pl. and Pr., 270.

"Where the object of a suit is to restrain the use of property by a party other than the owner, the right to use the property is the matter in dispute, and the value of such right determines the question of jurisdiction." *Oleson v. R. R.,* 30 Fed., 81.

"The sum or value of the matter in dispute which conditions the jurisdiction of a Federal court is the amount or value of that which the complainant seeks to recover, or the amount or value of that which the defendant will lose if the complainant obtains the recovery he seeks." *Cowell v. Water Co.* (C. C. A.), 121 Fed., 53.

"It is conceded that the pecuniary value of the matter in dispute may be determined not only by the money judgment prayed, where such is the case, but in some cases by the increased or diminished value of the property directly affected by the relief, or by the pecuniary results to one of the parties immediately from the judgment." *Smith v. Adams,* 130 U. S., 174.

"Where property itself, or its title, is in litigation, or some question *per se* affecting its enjoyment and possession, its value is the real matter in controversy, as distinguished from the claim of the contending parties." 1 Enc. Pl. and Pr., 726.

"In a suit in equity for an injunction, the value of the matter in dispute is that of the object of the bill, namely, the value to the complainant of the right for which he prays protection, or the value to defendant of the acts of which plaintiff prays prevention, together with the amount of damages which plaintiff claims he has already sustained, and prays to have awarded to him." 34 Cyc., 1235; *Scott v. Donald,* 165 U. S., 107.

The appellants ask that we also pass upon the exception for granting the injunction. But upon filing in apt time a valid petition to remove, the jurisdiction of the State court terminates. The remedy of the appellant is by motion in the Federal court to dissolve the injunction.

Reversed.