(120 So. 617)

No. 29666.

### Succession of HARRISON.

### In re HARRISON.

Jan. 28, 1929.

Rehearing Denied Feb. 25, 1929.

Paul W. Maloney, of New Orleans, for relator.

Earl K. Long and Arthur J. Ryan, both of New Orleans, and James P. Guillot, of Derry, for inheritance tax collector.

BRUNOT, J. On the application of relator a writ of certiorari issued herein and Hon. William H. Byrnes, Jr., judge, and John J. O'Neill, clerk of court, were ordered to show cause why the relief prayed for by relator should not be granted. Both respondents have filed returns, and the record has been sent up. The returns and record show that the succession of Mrs. Mary Holmes Harrison was opened in the civil district court for the parish of Orleans on April 5, 1911, and on the same day a judgment was rendered recognizing relator as the heir of his deceased wife and putting him in possession of 250 shares of the capital stock of D. H. Holmes Company, Inc. Relator resisted the payment of an inheritance tax, whereupon there was deposited in the registry of the court $1,437.50. This deposit was not ordered by the court, but it was made under an agreement between counsel for the relator and the inheritance tax collector. The agreement is in the words and figures as follows:

"It is agreed that the amount of the inheritance tax herein, if an inheritance tax is due, is Fourteen Hundred and thirty-seven and 50/100 Dollars ($1,437.50).

"It is contended, however, by Learner B. Harrison, of Cincinnati, Ohio, the petitioner herein, that he owes no inheritance tax, because: (1) He does not inherit under the

laws of Louisiana, but under the laws of Ohio, the shares of stock described in the petition; which shares of stock were the property of his wife, who was domiciliated in the city of Cincinnati, and who died there on July 6, 1910, in possession of the certificate for said shares; and, therefore, the Louisiana Inheritance Tax Law, which governs only inheritances under the laws of Louisiana, has no application to the present case; (2) even if this could be considered an inheritance under the laws of Louisiana, no tax would be due by the petitioner, because he was the husband of the deceased, and, under the Louisiana Statute, a husband inheriting from his wife owes no inheritance tax.

"Subject to the above twofold contention, the Clerk will receive the sum of $1,437.50 aforesaid, and will hold the same as a special deposit, neither to be paid over to the State nor to be returned to petitioner, until further agreement and joint instructions from the undersigned."

On the motion of the attorney for the inheritance tax collector, the court, on July 12, 1911, ordered that the deposit be transferred from the registry of the court to the inheritance tax collector. This order was never complied with, and the money is still in the registry of the court. Nothing further was done in the matter until July 19, 1928, on which date relator filed a motion to withdraw the deposit from the registry of the court, and ruled the clerk into court to show cause why his motion should not be granted. The inheritance tax collector was not made a party to these proceedings. While this rule was pending, the court, on the ex parte motion of relator, ordered the clerk to pay to relator the money deposited as aforesaid in the registry of the court. This order was signed on July 25, 1928. Two days later, July 27, 1928, the day fixed for the trial of relator's rule upon the clerk of court to show cause why the deposit in the registry of the court should

not be paid to him, relator filed a motion in the proceeding withdrawing said rule; and the clerk of court, in his capacity of collector of inheritance taxes, thereupon ruled the relator into court to show cause why the ex parte order of July 25, 1928, directing that the deposit in the registry of the court be paid to him, should not be rescinded. Relator excepted to this rule upon the ground that it did not disclose a cause of action. This exception was heard by Judge E. K. Skinner, and it was sustained. This judgment was not reduced to writing, read, and signed; therefore the legal requisites necessary to give it the force of a final judgment were not complied with. On August 24, 1928, the clerk of court, in his capacity as collector of inheritance taxes, filed a second rule to set aside the ex parte order of July 25, 1928, to which relator filed the plea of res adjudicata, basing the plea upon Judge Skinner's decision. The matter was heard and the plea of res adjudicata was maintained, but no judgment maintaining the plea and dismissing relator's rule was written and signed. On September 19, 1928, John J. O'Neill, clerk of court and ex officio registrar thereof, filed a rule to set aside the ex parte order obtained by relator on July 25, 1928. The plea of res adjudicata was filed by relator, and, basing its judgment upon that plea, the respondent judge dismissed the rule. A formal judgment dismissing this rule was written and signed. The clerk of court thereupon filed two motions, one for a new trial from the judgment rendered by Judge Skinner on August 14, 1928, dismissing the first rule taken by the inheritance tax collector, and one for a new trial from the judgment rendered by the respondent judge on September 5, 1928, dismissing the second rule taken by the inheritance tax collector, basing his motions upon the ground that neither of said judgments had been reduced to writing and signed, and therefore the legal delay within which he could apply

for a new trial had not expired. These motions were heard and granted on November 28, 1928.

The respondent judge in his return says that he signed the order of July 5, 1928, upon the ex parte motion of relator, through inadvertence. In connection herewith we quote from his return the following:

"That this ex parte order was signed by your respondent through inadvertence and without previously submitting the same to Arthur Landry, Esq., the attorney of the Clerk of the Civil District Court, as is the custom where orders are presented for the withdrawal of money from the registry of the Court, and same would not have been signed by your respondent had the matter been called to his attention," etc.

The dismissal of the second rule filed by the clerk of court, to set aside the ex parte order of court of July 25, 1928, resulted from the court's misapprehension of the facts. The respondent judge sustained relator's plea of res adjudicata, and dismissed this rule upon the theory that the judgment rendered by Judge Skinner had become final. He says:

"An exception of res adjudicata was filed by relator to this second rule of the Inheritance Tax Collector, which exception of res adjudicata was maintained by your respondent on said 5th day of September, 1928, your respondent being under the impression that the judgment rendered by Judge Skinner on August 14th, 1928, had been reduced to writing and signed. This judgment of your respondent rendered on September 5th, 1928, was also not reduced to writing and signed as judgments, having the force of final judgments are required to be."

Relator prays for a writ of mandamus commanding the respondent judge to enforce the ex parte order issued by him on July 25, 1928, by execution thereof and by garnishment process and by contempt proceedings against the clerk of court.

The respondent judge, for return, says:

"Your respondent denies that the actions of John J. O'Neill are in contempt of the authority and dignity of his court, and avers that said Clerk of Court is acting in strict accordance with his orders and instructions."

The respondent judge has granted new trials of the rule attacking the ex parte order of July 25, 1928, and of the rule dismissed by Judge Skinner on August 14, 1928, which unsigned judgment was set up by relator in the subsequent proceedings as the basis for his plea of res adjudicata. These rules are now pending on rehearing in the civil district court, and relator's right to withdraw the funds now in the registry of the court cannot be determined until they are finally disposed of. As relator has not exhausted his remedies in the court below, his application to this court for the exercise of its supervisory powers herein must be denied.

It is therefore ordered that the writ of certiorari heretofore issued herein be recalled and avoided, and that relator's application be dismissed at his cost.