ST. PAUL, J.
 

 Mary Holmes Harrison, wife of the relator, died at her domicile in Cincinnati, Ohio, on July 6, 1910, leaving no children. Under the laws of Ohio, as shown by affidavits on file, her husband (relator) inherited, to the exclusion of all others, all her personal property, which included 250 shares of the stock of D. H. Holmes Company, Limited, a Louisiana corporation domiciled in the city of New Orleans; and he was duly recognized as heir to the personal property of his said wife and put in possession of said stock by judgment of the court below of date April 5, 1911.
 

 It was contended by the inheritance tax collector that relator owed an inheritance tax of $1,437.50; relator contended that no such tax was due, said stock having been inherited by him under the iaws of Ohio and not under the laws of Louisiana, and the said certificates of stock having been in the physical possession of his wife at her domicile in Cincinnati at the time of her death. Cf. Newell v. Tremont Lumber Co., 161 La. 650, 109 So. 344.
 

 Accordingly, $1,437.50 was deposited in the registry of the court subject to further proceedings.
 

 I.
 

 On July 25, 1928, relator applied for and obtained an ex parte order of court, declaring the claim of the inheritance tax collector abandoned for want of prosecution for more than five years and prescribed by the same length of time. Cf. Act 107 of 1898; Act 82 of 1924. And- said order directed the clerk of court to pay over said deposit, with accrued interest, to" r.elator.
 

 On July 27, 1928, the clerk of court (ex officio inheritance tax collector) took a rule-on relator to show cause why said order should not he set aside as improvidently granted. Relator filed an exception of no cause of action, which exception was maintained. But the judgment maintaining same was not signed.
 

 On August 24, 1928, the clerk of court filed another rule to set aside said order; to which rule relator filed an exception of res judicata based on the aforesaid unsigned judgment ; which exception was maintained. This judgment also was not signed.
 

 
 *678
 
 On September 19, 1928, the clerk of court filed still another rule to set aside the ex parte order of July 25, 1928; to which rule relator again filed an exception of res judicata based on the two aforesaid unsigned judgments, and also an exception of no cause of action. Thereupon the trial judge rendered and signed the following judgment:
 

 “This cause having been heard and submitted to the court on pleas of res judicata and no cause of action, filed by Learner B. Harrison on September 24th, 1928, to the rule herein filed by John J. O’Neil, Olerk of the Civil District Court for the Parish of Orleans, on September 19th, 1928, and the court being of opinion that said exceptions are well founded, for the reasons orally assigned,
 

 “It is ordered, adjudged and decreed that said exception of res judicata and no cause of action be maintained and, accordingly that said rule be dismissed.”
 

 This judgment was read and rendered in open court on November 7, 1928, and was signed in open court on November 14, 1928.
 

 II.
 

 This last judgment was never appealed, and the effect thereof was therefore to confirm .and make executory the order of July 25, 1928.
 

 The trial judge, however, refuses to allow the execution of said order of July 25; 1928, on the ground that in rendering his judgment of November 7, 1928, signed November 14, 1928, he was under the mistaken belief that the two prior judgments, one rendered on the rule of July 27, 1928, and one rendered on the rule of August 24,1928, had been duly signed, whereas in fact they had not been, and that since the judgment of November 7th the clerk of court has applied for and been allowed a new trial as to said two unsigned judgments, that said rules have been retried, and that said order of July 25, 1928, has been set aside.
 

 III.
 

 It is immaterial for the purposes of this inquiry whether the trial judge erred or did not err in maintaining the exceptions of res judicata and no cause of action when he rendered and signed his judgment of November 7, 1928. The fact remains that he rendered and signed the judgment of November 7,1928; and that said judgment has not been appealed from. Which judgment, as we have said, had the effect of confirming and making executory the order of July 25, 1928.
 

 What occurred thereafter is of no consequence ; the trial judge had no power to review and correct the final judgment which he had rendered. C. P. art. 548.
 

 Our former ruling herein (Succession of Harrison, 167 La. 977, 120 So. 617) has ho application at this time. All that we then held was that relator had not at that time exhausted all his remedies in the lower court, and that until he had done so, and the lower judge had passed upon the new trials which he had granted, we would not interfere by summary process.
 

 Decree.
 

 For the reasons assigned the preliminary writs herein issued are perpetuated, and the trial judge is now prohibited from interfering with the execution of his order of July 25, 1928, and that said order be duly executed.
 

 O’NIELL, O. J., absent, takes no part.