JOHN J. FIELDS v. EQUITABLE LIFE INSURANCE COMPANY.

(Filed 24 September, 1930.)

**Removal of Causes D a—Amount in controversy in this case held not to be sufficient for removal to Federal Court.**

Upon a petition and bond for the removal of a cause from the State to the Federal Court on the ground that more than three thousand dollars is involved, the test is the value of the property of which the defendant may be deprived by the judgment demanded, and not the amount of the claim of the plaintiff, but where in an action on a disability clause in a life insurance policy the demand is for installments alleged to have already accrued thereunder, in an amount less than the jurisdictional limit, the petition for removal is properly denied, although the defendant may contest its liability for future installments in the present action.

CIVIL ACTION, before *Small, J.,* at August Term, 1930, of JOHNSTON.

The plaintiff alleged that on 9 February, 1921, the defendant issued to him a life insurance policy in the sum of $5,000, and that said policy contained a total and permanent disability clause for which an additional premium was required. Said disability clause provided in substance that in the event the insured should become physically or mentally incapacitated "to such an extent that he is and will be wholly and presumably permanently unable to engage in any occupation or perform any work for compensation of financial value, and furnishes due proof thereof and that said disability has then existed for sixty days, the Society, during the continuance of such disability, will waive payment of any premium payable upon this policy after receipt of such proof, and will pay to the insured an income of six hundred dollars a year, payable in monthly installments." The policy further provided "if the insured should fail to furnish satisfactory proof of disability or if it appears at any time that the insured has become able to engage in any occupation for remuneration or profit, no further premiums will be waived and no further income payments will be made hereunder on account of such disability."

It was further alleged that the plaintiff became totally incapacitated, and that the defendant paid certain installments until 9 May, 1923, and refused to pay any installments thereafter.

In September, 1923, the plaintiff instituted an action to recover income installments as provided by said policy. After an appeal to the Supreme Court, reported in 195 N. C., p. 262, plaintiff recovered, and the judgment was paid by the defendant.

Thereafter, on 5 August 1929, the present suit was instituted for the purpose of recovering $2,950, same being installments accrued under said policy from 1 October, 1924, up to the date of institution of this action, to wit, 5 August, 1929.

In apt time the defendant filed petition for removal to the Federal Court, specifying as a ground for removal that the defendant was a foreign corporation, and that the amount in controversy exceeded $3,000 exclusive of interest and costs. The defendant contends that the validity of the policy itself and liability for future installments are at issue, and that, therefore, more than $3,000 is involved in this suit. The clerk of the Superior Court denied the petition for removal, and the judgment of the clerk was affirmed by the trial judge. Thereupon the defendant appealed.

*J. Ira Lee, W. H. Massey, James D. Parker and G. A. Martin for plaintiff.*
*S. Brown Shepherd and Winfield H. Lyon for defendant.*

PER CURIAM. In cases involving removal to the Federal Court on the ground that more than $3,000 is involved, the test is the value of the property of which the defendant may be deprived by the judgment demanded, rather than the amount of the claim of plaintiff alone, where, of course, such claim upon its face does not exceed the jurisdictional limitations. *Harrison v. Allen,* 152 N. C., 720, 68 S. E., 207.

It appears from the complaint that the policy of insurance provides that if the insured shall at any time become able to engage in any gainful occupation or shall fail to furnish satisfactory proof of continuance of total disability, then in such event the defendant is under no obligation to waive premiums or pay income installments.

The cause of action stated in the complaint is for installments alleged to have accrued under the policy from 1 October, 1924, to 5 August, 1929. These do not exceed the jurisdictional limit. The defendant can contest its liability therefor, under the express terms of the contract, not only in this action, but in any subsequent action for future installments. Hence, the only property which the defendant may be deprived of by the judgment demanded in this action is the accrued installments, aggregating $2,950. Therefore, the petition for removal was properly denied. *Wright v. Insurance Co.,* 19 Fed. (2), 117.

Affirmed.