**SUCCESSION OF KOPPEL**

———

(October 20, 1930. Opinion and Decree.)

———

Paul W. Maloney, of New Orleans, attorney for plaintiffs, appellees.

Earl K. Long, James P. Guillot and Nichole E. Simoneaux, of New Orleans, attorneys for respondents, appellants.

WESTERFIELD, J. The Supreme Court of Louisiana, in an opinion transferring this case to this court, has stated the facts to be as follows:

"Jacob Koppel died in the City of New Orleans on July 21, 1912. The succession of the decedent was duly opened in the Civil District Court for the Parish of Orleans and his will ordered registered and executed. On August 16, 1912, the testamentary executor, and certain legatees under the will of the testator, namely, Mrs. Bertha Landry Koppel, the testator's widow, and Mrs. Louise Koppel Guillard and Miss Ophelia Koppel, the testator's sisters, took a rule in the succession proceedings against the then Collector of Inheritance Taxes for the Parish of Orleans to fix the inheritance tax due by the legatees. The Inheritance Tax Collector, through his attorney, answered the rule, setting up the unconstitutionality of Act No. 42 of 1912 so far as it purported to exempt the widow of the decedent by placing her in the same category as ascendants and descendants. On August 19, 1912, a judgment was rendered recognizing Mrs. Louise Koppel Guillard, Miss Ophelia Koppel and Mrs. Matilda Gardiner as legatees and sending them into possession of their legacies. This judgment also discharged the testamentary executor from all further trust and responsibility. On the same day an agreement was entered into in writing by the attorneys of the parties to the rule setting forth that in consideration of the rendition of the judgment, it was stipulated that $156.63, being $5.00 by Mrs. Gardiner, $25.00 by Mrs. Louise Koppel Guillard and $126.63 by Miss Ophelia Koppel should be deposited in the registry of the court, to await the event of a decision by the Supreme Court in some proceeding to be taken within six months from the date of the agreement on the question of the constitutionality, vel non of the exemption in favor of the widow of the decedent under the Provisions of Act No. 42 of 1912, and requiring Mrs. Bertha Landry Koppel, the widow, to pay $186.50, being 5% of the legacy (apparently admitted to be due over and above the exemption claimed), exclusive of the bank stock already taxed.

"However, no proceeding was instituted within six months, nor at any other time, to test the constitutionality of the statutory exemption in favor of the decedent's widow. On November 8, 1928, which was more than sixteen years after the agreement had been entered into, the then Collector of Inheritance Taxes for the Parish of Orleans filed a rule in the succession proceedings against himself as Clerk of Court and against the Public Administrator for the Parish of Orleans to obtain the transfer to the Inheritance Tax Fund of the $156.63 on deposit in the registry of the court, to be thereafter transmitted to the State Treasurer. The rule was tried on December 7, 1928, and resulted in a judgment rendered the same day ordering the transfer of the deposit to be made as demanded by the plaintiff in rule. This judgment was signed on December 17, 1928. An unsigned memorandum filed in the district court on January 27, 1930 purports to grant a new trial on the rule taken on December 8, 1928, on which judgment was rendered on December 7, 1928, and signed on December 17, 1928.

"On July 26, 1929, Mrs. Louise Koppel Guillard and Miss Ophelia Koppel ruled the Clerk of Court and Inheritance Tax Collector into court to show cause why the amount of the deposit, $156.63, with accrued interest should not be delivered to them. The respondent excepted to the rule on the ground of res judicata, basing his exception on the judgment rendered on December 7, 1928, and signed on December 17, 1928. The court below overruled the exception and gave the plaintiffs in rule a judgment as prayed for. From this judgment the respondents are prosecuting the present appeal."

Plaintiffs in rule, appellees herein, rely upon the following authorities: Act No. 107 of 1898; Act No. 82 of 1924; Succession of Harrison, 168 La. 675, 123 So. 120.

We have not been favored with oral ar-

gument or brief in behalf of the tax collector, and, it appearing that the authorities cited by appellees are in point, we are of the opinion that the judgment appealed from should be affirmed.

For the reasons herein assigned, it is ordered, adjudged, and decreed that the judgment, appealed from be, and it is, affirmed.