EDWARD DALTON SMITH v. NEW YORK LIFE INSURANCE COMPANY.

(Filed 1 November, 1933.)

**Removal of Causes D a—Value of property of which defendant would be deprived by judgment demanded determines amount involved.**

> In this action on a policy of life insurance plaintiff claimed disability entitling him to waiver of subsequent premiums and the payment of disability benefits for his lifetime during continuance of the disability, and that upon his death defendant would be liable for $5,000, the face amount of the policy, and prayed judgment for $300 accrued disability benefits and accrued interest and that defendant be required to pay plaintiff $50.00 per month during continuance of the disability. Defendant filed a petition for removal of the cause to the Federal Court. *Held,* the suit did not involve $3,000, the required jurisdictional amount, and the petition should have been denied, the test being the value of the property of which defendant would be deprived by the judgment demanded.

CIVIL ACTION, before *Grady, J.,* at April Term, 1933, of PITT.

The plaintiff instituted this action against the defendant, alleging that on 9 October, 1926, the defendant issued a life insurance policy in the sum of $5,000 upon the life of plaintiff. The beneficiary named in the policy was the mother of plaintiff, and the annual premium was $168.00. It was further alleged "that under said policy and contract of insurance there was a provision known therein as total and permanent disability, which provides that upon the insured becoming disabled by injury or disease that wholly prevents him from performing any work or engaging in any business for remuneration or profit, occurring after the said insurance policy took effect and before the anniversary of the

policy  .  .  .  , and upon receipt at the home office, before any default of payment in premium, of the proof of insured's total disability and that he would be continuously so totally disabled for life or that he has stated that he is and for a period of three consecutive months has been totally disabled as above defined he shall be entitled to the benefits of a waiver of premium and $10.00 per month for each $1,000 set forth on the face of and in said policy for each completed month from the commencement of and during the entire period of the continuous total disability of the plaintiff." The plaintiff further alleged that he had suffered a total and permanent disability and furnished proof thereof, and that in accordance with the terms of the policy "he was entitled to have the said provision of said policy put in full force and effect for the month of September, 1932, entitling plaintiff to $50.00 per month from the said 1 September, 1932, continuously each month thereafter, and at the time of instituting this action the plaintiff is entitled to $300.00 and such interest as accrued thereunder and entitled to have a waiver of the premium due in October, 1932, and continuously thereon during and for the remainder of plaintiff's permanent disability or life, and upon his death a complete payment of said policy to said beneficiary named therein or as provided by law."

Upon such allegations the plaintiff prayed that he recover the amount of installments due at the time of instituting the action, and that the defendant be required to pay the sum of $50.00 per month during and continuing his permanent disability. The defendant in apt time duly filed a petition for removal upon the ground of diverse citizenship, and that more than $3,000 was involved in the litigation, exclusive of interest and cost. The clerk of the Superior Court ordered the cause removed to the Federal Court and such order was approved by the trial judge, and the plaintiff appealed.

*S. J. Everett for plaintiff.*
*Albion Dunn for defendant.*

BROGDEN, J. The question for decision is whether the cause was removable upon the allegations contained in the complaint, upon the ground that the suit involved more than $3,000, thus ousting the jurisdiction of the State court.

There are three decisions of this Court bearing upon the subject involved, to wit: *Harrison v. Allen,* 152 N. C., 720, 68 S. E., 207; *Fields v. Ins. Co.,* 199 N. C., 454, 154 S. E., 738; *Smith v. Travelers Protective Association,* 200 N. C., 740, 158 S. E., 402. The *Fields case, supra,* is directly in point and decisive of the controversy. The Court said: "In cases involving removal to the Federal Court on the ground that more

than $3,000 is involved, the test is the value of the property of which the defendant may be deprived by the judgment demanded, rather than the amount of the claim of plaintiff alone, where, of course, such claim upon its face does not exceed the jurisdictional limitations." The North Carolina cases are supported in principle by *Wright v. Ins. Co.,* 19 Fed. (2d), p. 117; *New York Life Ins. Co. v. Swift,* 38 Fed. (2d), 175; *Woods v. Mass. Protective Association,* 34 Fed. (2d), 501; *Beaty v. Mass. Protective Association,* 158 S. E., 206.

The defendant relies upon the *Swift case, supra.* It is to be noted, however, that in the *Swift case* the suit was brought to cancel two policies of $5,000 each, and hence is distinguishable from the case at bar.

Reversed.