## JEFFERSON v. LAURE N. TRUCK LINE et al.

### No. 16932.

Court of Appeal of Louisiana. Orleans.

June 13, 1938.

L. R. Hoover, of New Orleans, for appellant.

Harry R. Cabral, of New Orleans, for appellee.

**WESTERFIELD, Judge.**

On November 9th, 1936, Earl Jefferson brought suit against Laure N. Truck Line, Doyle Speel and Harris Falgout, for compensation, and on August 19, 1937, judgment was rendered and signed awarding him fifty-two weeks at the rate of $3.00 per week. The judgment was paid in full on January 12, 1938. On January 18, 1938, Dr. N. J. Tessitore, who had testified in the case as a medical expert, filed a rule to have his fee taxed as costs which rule, after a hearing, was made absolute, and defendants have appealed.

The judgment under review is attacked upon the ground that it is a revision of a definitive judgment by a method not sanctioned by law. Code of Practice, Article 556. It is also attacked upon the ground that under Subsection 4 of Section 18 of Act 85 of 1926 "the fees of medical witnesses shall be reasonable and are not to be allowed unless fixed in the judgment".

The learned judge, in his reasons for judgment, said: "This is a rule taken by the medical expert to have his charges fixed by this Court for the services rendered. The physician in question did render services to the Plaintiff in the case as a physician, and at the request of the Court, in order to better determine the merits of the controversy, the physician in charge was called in and testified on the Court's invitation as an expert in the matter. In a case such as this one, Section 4 of Act 85 of 1926 would permit this medical man under such circumstances to recover his fee to be fixed by this Court, and it would be a practical denial of giving him a right or cause of action to sue for the restitution of the fee. Under the general law the Court can fix the fees of experts. This was an expert for the plaintiff as well as an expert by the direction of the Court, and for this reason the Court will fix the fee of the physician in charge in the sum of $60.00".

██ Under the general law a "definitive judgment cannot be amended by rule to condemn party defendant who, by inadvertence, was not cast in original judgment". State ex rel. Sehrt v. Registrar of Conveyances, 14 La.App. 30, 129 So. 197. "The trial judge had no power to review and correct final judgment which he had rendered". Succession of Harrison, 168 La. 675, 123 So. 120, 121. An error involving a matter of substance can only be corrected by the granting of a new trial. Larose v. Naquin et al., 145 La. 1025, 83 So. 230. Definitive judgments may be revised by a new trial, by appeal, by action of nullity, and by rescission. C.P. Art. 556. "A judgment, when once rendered, becomes the property of him in whose favor it has been given; and the judge can not alter the same, except in the mode provided by law". C.P. Art. 548. But we are not dealing with a matter of general law for the provision requiring that the fees of medical experts be reasonable and be rejected unless fixed in the judgment is found in sub-section 4 of section 18, of Act 85 of 1926, an act which deals exclusively with the subject of Workmen's Compensation.

We have no doubt that Dr. Tessitore rendered valuable expert services to plaintiff and to the Court and that his services were helpful in the determination of the compensation case in which he appeared, but no attempt was made to have his fee fixed in the judgment and it was not until nearly five months after the judgment was signed

and six days after it had been fully satisfied that any effort was made to have his fee taxed as costs.

The argument based upon the provisions of Act 85 of 1926 to the effect that "the judge shall not be bound by technical rules of evidence or by technical rules or procedure, other than as herein provided", to the effect that the objection to the allowance of the fee of Dr. Tessitore is based upon a technicality of procedure is unsound. The question of amending a judgment after it becomes final so as to condemn the defendant for an additional sum of money, is not one of procedure but one of substance, not, in fact, technical at all. Moreover, the provision relied upon is found in the same section (sub-section 4 of section 18 of the Act 1926) as the provision which requires that fees of medical experts must be fixed in the judgment, if allowed at all, consequently, if the defense to the rule could be said to be based upon a technicality of procedure, the technicality was expressly sanctioned by the same section of the act and was, therefore, within the exception mentioned.

Reference is made to Section 20 of Act 85 of 1926 which reads as follows: "That a judgment of compensation may be modified by subsequent agreement between the parties, with the approval of a Judge of a Court which rendered the judgment sought to be modified, at any time after six months after said judgment of compensation shall have been rendered by the Judge of the trial Court it shall be reviewed by a judge of the Court that rendered the judgment sought to be modified upon the application of either party, on the ground that the incapacity of the employee has been subsequently diminished or increased, or upon the ground that the judgment was obtained through error, fraud or misrepresentation."

The purpose of this section is to allow an injured employee or his employer condemned by judgment of Court to pay compensation, to have the compensation adjusted to any change in his disability status which may occur subsequent to the judgment and to have the judgment set aside on the ground of error or fraud. It has no application here.

We believe the judgment appealed from to be erroneous, consequently, and

For the reasons assigned the judgment appealed from is annulled, avoided and reversed and it is now ordered that the rule taken by Dr. N. J. Tessitore, for the purpose of having his fee as a medical expert taxed as costs in the matter of Earl Jefferson v. Laure N. Truck Line et als. be dismissed at his cost.

Reversed.