## GODFREY v. BROWN PAPER MILL CO., Inc.

### Civ. A. No. 752.

District Court, W. D. Louisiana, Monroe Division.

Nov. 18, 1943.

Lea S. Thompson and Dhu Thompson, both of Monroe, La., for plaintiff.

Hudson, Potts, Bernstein & Snellings, and T. W. Davenport, all of Monroe, La., for defendant.

DAWKINS, District Judge.

Plaintiff has moved to remand this case to the state court on the ground that the amount involved is below the minimum jurisdiction of a federal court. The suit was brought under the Workmen's Compensation Law of the state (Act No. 20 of 1914, as amended), and the prayer is for "$13.52 for and during disability not to exceed four hundred weeks, payable in weekly installments, beginning with December 15, 1941, * * * and for the additional sum of Two Hundred and Fifty Dollars" for medical treatment, which "he believes and avers" will be necessary.

Of course, if plaintiff should sustain his claim in full, and should remain permanently disabled, he would be entitled to receive a total of $5,408 over a period of 400 weeks or eight weeks less than four years. However, under the state statute (Sec. 20), the matter can be reopened at intervals of six months, and if the employee has fully recovered, payments can be stopped altogether. The parties may, also, with the

approval of the court in which the action is brought, settle the entire liability in a lump sum, the amount of which might or might not be within the jurisdiction of this court. See Roussell v. Colonial Sugars Co., La.App., 147 So. 75; Ford v. Fortuna Oil Co., 151 La. 489, 490, 91 So. 849; and the decree must be so worded as to allow 65 per cent of weekly wages "during the period of disability." Mickley v. T. J. Moss Tie Co., La.App., 189 So. 331, 333; Jefferson v. Laure N. Truck Line, La.App., 181 So. 821. Therefore, all that a judgment in a case of this kind can settle is that, at the time it is rendered, the plaintiff has suffered injuries through his employment, amounting to total disability, probably permanent, which entitle him to receive stated weekly wages for a period of six months or approximately 26 weeks. In this case at the rate claimed this would amount to about $350.

Ordinarily, where an action is brought on a claim, which is payable in installments, such as rent, taxes, income, etc., the recovery can be for only that which is due, notwithstanding the fact that legal issues as to future installments may be settled. There are disability insurance cases, where the existence of the contract is denied, or is repudiated, in which it has been held that the amount of the policy or the life expectancy of the insured determines the value of the matter in controversy. However, in those instances where the contract has not been contested and the demand was for monthly or yearly disability benefits, it has been uniformly decided that a finding of such disability does not involve future sums, which may become due, so as to make a total within the jurisdiction of a federal court, where otherwise it would not exist as to the installments due and for which judgment could be given. Wright v. Mutual Life Ins. Co. 5 Cir., 19 F.2d 117; and authorities cited therein; Mitchell v. Mutual Life Ins. Co., D. C., 31 F.Supp. 441; Smith v. New York Life Ins. Co., 205 N.C. 348, 171 S.E. 330; Asbury v. New York Life Ins. Co., D. C., 45 F.Supp. 513; and Elliott v. Empire Natural Gas Co., 8 Cir., 4 F.2d 493.

No case directly in point, where workmen's compensation was involved, has been cited or found, but reasoning by analogy, I think the total disability insurance cases involve the same principle and no basis for a different conclusion is seen. My view is that this court is without jurisdiction and the case should be remanded to the state court.

Proper decree should be presented.